**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DIANE GIBSON, | ) | NO. ED CV 12-459-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 16, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 26, 2012.

Plaintiff filed a motion for summary judgment on September 14, 2012. Defendant filed a motion for summary judgment on October 15, 2012. Plaintiff filed a Reply on October 18, 2012. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed April 18, 2012.

**BACKGROUND**

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 1168, 1262-72, 1583-84, 1595-1603). Plaintiff testified to pain of allegedly disabling severity (A.R. 1583-84, 1598).

An Administrative Law Judge ("ALJ") found Plaintiff suffers from severe impairments with which some pain may be associated, including "diabetes mellitus II" (with related peripheral neuropathy[1]), and "degenerative disc disease of the lumbar spine" (A.R. 1168-70). The ALJ denied disability benefits, however, after finding Plaintiff's testimony "only partially credible" (A.R. 1171-72). The credibility analysis set forth in the ALJ's decision reads in full:

///
///

---

[1] The ALJ's reference to "peripheral Iraqi" at page 1169 of the Administrative Record is understood to be a reference to peripheral neuropathy. Although the ALJ did not list peripheral neuropathy as a separate severe impairment at page 1168 of the Administrative Record, Defendant concedes that Plaintiff's neuropathy is a symptom of her severe impairment of diabetes mellitus, which results in significant functional limitation (Defendant's Motion at 2). The medical expert testified that peripheral neuropathy is consistent with pain (A.R. 1590-92).

2

> The claimant's allegations are considered to be only partially credible as there is little in the way of objective signs, symptoms and findings in the record to support her allegations to the extent alleged. Moreover, the severity of these allegations, however, is not commensurate with the finding of disability based on meeting or equaling the listings and these findings do not support any limitations that are more restrictive than what is found herein.

(A.R. 1171). The Appeals Council denied review (A.R. 1158-60).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

///
///
///
///

**DISCUSSION**

When an ALJ determines that a claimant's testimony regarding pain severity is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[2]  Generalized, conclusory findings do not suffice.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.  The ALJ's conclusory credibility analysis in the present case is plainly insufficient.  See id.

---

[2] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

1 The ALJ's decision appears to assert that unspecified "objective
2 signs, symptoms and findings in the record" do not fully corroborate
3 Plaintiff's testimony regarding the severity of her pain. The absence
4 of fully corroborative medical evidence cannot form the sole basis for
5 rejecting the credibility of a claimant's subjective complaints. See
6 Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403,
7 1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676, 681
8 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in
9 rejecting credibility, but cannot "form the sole basis"). The ALJ's
10 claim that "the severity of these allegations . . . is not
11 commensurate with the finding of disability based on meeting or
12 equaling the listings . . ." adds nothing material to the credibility
13 analysis. A claimant who does not meet or equal any of the listings
14 nevertheless may be found disabled at the last step in the sequential
15 analysis. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 20
16 C.F.R. § 416.920; see also A.R. 1168.

18 In an effort to support the ALJ's conclusion regarding
19 Plaintiff's credibility, Defendant cites Plaintiff's alleged daily
20 activities and failure to stop smoking (Defendant's Motion at 5-6).
21 The ALJ did not expressly rely on either of these considerations in
22 deeming Plaintiff's pain testimony "only partially credible." The ALJ
23 did not mention Plaintiff's alleged daily activities in any part of
24 the decision (A.R. 1166-72). A prior (different) ALJ mentioned
25 Plaintiff's alleged daily activities in an earlier decision, but the
26 present decision does not incorporate the earlier decision. In fact,
27 the present ALJ found that Plaintiff had alleged "a change in her
28 medical condition since the initial decision manifested by the

5

development of additional physical complaints," which prevented an application of administrative res judicata to Plaintiff's "physical medical conditions" (A.R. 1171). The present decision mentions smoking, but only in connection with gauging the severity of Plaintiff's alleged respiratory problems (A.R. 1170).[3] Because the present ALJ did not invoke Plaintiff's daily activities or smoking as reasons for rejecting Plaintiff's credibility, this Court cannot affirm the ALJ's decision on the basis of these considerations. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's error, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the

---

[3] In the Ninth Circuit, it may be an open issue whether a claimant's failure to stop smoking ever can support an adverse credibility finding. Compare Reeves v. Astrue, 2012 WL 1032778, at *6 (W.D. Wash. March 6, 2012), adopted, 2012 WL 1029669 (W.D. Wash. March 27, 2012) with Collins v. Astrue, 2011 WL 4345860, at *13 (E.D. Cal. Sept. 15, 2011); see also Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009). The Court need not and does not reach this issue in the present case.

1  claimant disabled if he had credited the claimant's testimony, we
2  remand for a calculation of benefits") (quotations omitted); see also
3  Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that
4  a court need not "credit as true" improperly rejected claimant
5  testimony where there are outstanding issues that must be resolved
6  before a proper disability determination can be made); see generally
7  INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an
8  administrative determination, the proper course is remand for
9  additional agency investigation or explanation, except in rare
10 circumstances).

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 19, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.